## MORRISON *vs.* WILSON.

*Twelfth Judicial District Court, July,* 1857.

### EJECTMENT.

If F executes a mortgage upon real estate, and W stands by and is cognizant of its execution by F, and makes no claim to the property, then W is estopped from denying the title in F.

Action to recover possession of fifty vara lot No. 736, situate at the

southwest corner of Fremont and Harrison streets. The complaint alleges that on the 21st September, 1853, one Henry A. Ford was owner in fee simple of the premises, and in their actual and exclusive possession, and that he mortgaged the same to Dennis G. Perkins. In July, 1856, Perkins obtained a decree of foreclosure, and sale of the property, and became the purchaser at Sheriff's sale himself. Perkins in May, 1857, conveyed the property, in fee simple, to plaintiff, who now alleges defendants entered upon the same, and unlawfully withhold possession.

Adverse title is set up by defendants. It is alleged in May, 1851, Perkins conveyed the lot sued for to one Minor, and that Minor conveyed the same to defendants for their own exclusive use and benefit, of all which plaintiff had full notice before the execution of the deed to him by Perkins. Defendant says that if Perkins acquired any title or legal estate by his purchase of the lot at Sheriff's sale, the same passed and vested in defendants before Perkins made the deed to plaintiff, and therefore he is estopped in law from maintaining his action against defendants. Possession for five years is also alleged, and therefore plaintiff is barred from recovering.

The testimony showed that in 1851 Ford claimed to be the owner of the lot, and employed Perkins, who was a builder, to erect a house upon the same. The present building situate upon the premises was put up by Perkins. Defendants, and Ford and his family, occupied the house from 1851 till the death of Mrs. Ford, in 1853, and it has remained in the occupancy of the defendants down to the present time. It further appeared that sometime in the year 1852, after the edifice was completed, Perkins filed and recorded his lien upon the building, amounting to upwards of $1800 ; that he afterwards commenced suit for the purpose of foreclosing his lien, when Ford executed a mortgage in his favor for the sum due on the lien. Perkins, as alleged in the complaint, subsequently foreclosed the mortgage and purchased the property. The right of redemption in Ford expired sometime in the fall of 1856, and having failed to redeem, Perkins received a deed from the Sheriff. Before the commencement of this action he conveyed the lot in question to plaintiff. It was also shown that defendant Wilson had knowledge of the mortgage from Ford to Perkins, and was a subscribing witness thereto, and that he acknowledged the property belonged to Ford.

The defendants introduced testimony tending to show that the house was their homestead ever since 1851.

*G. F. & W. H. Sharp,* for plaintiff.

*Wistar & Irving,* for defendant.

NORTON, J., charged the jury, that if plaintiff showed to their satisfaction that Ford had possession of the lot prior to defendant, the plaintiff was entitled to recover. If the jury found Wilson was in possession under Ford, the plaintiff must recover. If they believed Ford executed the mortgage, and Wilson stood by and saw Ford sign the same, and made no claim to the property, he, Wilson, is estopped from denying Ford's title ; and finally, if they found Ford was the original party in possession, plaintiff was also entitled to a verdict in his favor.

The jury found for plaintiff.